# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.  1:19-cv-00580

R. ALEXANDER ACOSTA, SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

    Plaintiff,

v.

LEGAL LIFE PLANS, INC.

    Defendant.

_____

### COMPLAINT FOR THE ENFORCEMENT OF FINAL ORDER
### OF THE SECRETARY OF LABOR (18 U.S.C. § 1514A; 39 U.S.C. § 42121(b)(5))
_____

R. Alexander Acosta, Secretary of Labor, United States Department of Labor (the "Secretary"), alleges as follows:

### NATURE OF THE ACTION

1.    This is an action to enforce the whistleblower protection provisions for employees of publicly traded companies under section 806 of the Sarbanes-Oxley Act of 2002 ("SOX"), 18 U.S.C. § 1514A, and its implementing regulations, 29 C.F.R. § 1980.100, *et seq.*, and requesting the entry of judgment against defendant Legal Life Plans, Inc. ("LLP") in accordance with non-appealable, final orders of the Secretary.

### PARTIES

2.    Plaintiff R. Alexander Acosta is the Secretary of Labor, United States Department of Labor.

3. Defendant LLP is a corporation organized and existing under the laws of the state of Delaware and at all relevant times herein was a publicly traded company under SOX.

4. Complainant Mark Aspiri, a Colorado resident, was employed by LLP as President performing services in Colorado from March 2012 until his discharge on or about January 31, 2013.

## JURISDICTION AND VENUE

5. Jurisdiction of this action is conferred upon this court by 28 U.S.C. §§ 1331 and 1345, 49 U.S.C. § 42121(b)(5) (as applicable pursuant to 18 U.S.C. § 1514A(b)), and 29 C.F.R. § 1980.113.

6. Pursuant to the provisions set forth at 18 U.S.C. § 1514A(b), 49 U.S.C. § 42121(b)(3), and 29 C.F.R. Part 1980, the Secretary determined in a final order that LLP violated SOX by terminating Aspiri for engaging in protected activity including his objection to and reporting of fraudulent sales of securities and the inclusion of false and misleading information in the company's private placement memorandum by an LLP executive. A copy of the final order is attached to this Complaint.

7. Venue is proper under 28 U.S.C. § 1391(b), 49 U.S.C. § 42121(b)(5), and 29 C.F.R. § 1980.113 as a substantial part of the events giving rise to the claim occurred in Colorado.

## CLAIM FOR ENFORCEMENT OF FINAL ORDER

8. Following his termination, Aspiri filed a timely complaint with the Secretary alleging that LLP discharged him in retaliation for activity protected by SOX.

9. Pursuant to 18 U.S.C. § 1514A(b), 49 U.S.C. § 42121(b)(2), and 29 C.F.R. §§ 1980.104 and 1980.105, the Assistant Secretary of Labor for Occupational Safety and Health

("OSHA") conducted an investigation. LLP received notice of the complaint and, through legal counsel, presented arguments and evidence to refute Aspiri's claims. OSHA found reasonable cause to believe that LLP violated SOX, and on August 25, 2015 issued an order (the "Secretary's Order") to LLP ordering it to:

    a.    Pay Aspiri $119,556.23 in back pay, plus interest, for January 31 to October 8, 2013;

    b.    Pay Aspiri $6,000 in attorney fees; and

    c.    Expunge all of Aspiri's records of reference to the adverse actions against him and any derogatory references related to exercising his protected rights.

10. Because LLP did not request a hearing within 30 days as provided by 49 U.S.C. § 42121(b)(2)(A) and 29 C.F.R. § 1980.106(a), the Secretary's Order became a final order that is not subject to judicial review pursuant to 49 U.S.C. § 42121(b)(2)(A) and 29 C.F.R. § 1980.106(b).

11. LLP has refused and continues to refuse to comply with the Secretary's Order. This Court is expressly authorized to enforce such orders of the Secretary pursuant to 18 U.S.C. § 1514A(b), 49 U.S.C. § 42121(b)(5),[1] and 29 C.F.R. § 1980.113.

WHEREFORE, the Secretary respectfully requests judgment against LLP, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, or acting in their interest, as follows:

    A. Entering judgment in favor of the Secretary and against LLP for back pay in the amount of $119,556.23, plus interest from the date of the Secretary's final order until the entry of judgment, and for attorneys' fees in the amount of $6,000;

---

[1] Section 42121(b)(5) states: "In actions brought under this paragraph, the district courts shall have jurisdiction to grant all appropriate relief including, but not limited to, injunctive relief and compensatory damages."

B. Entering a permanent injunction enjoining LLP and its officers, agents, servants, employees, attorneys, and persons who are in active concert or participation therewith from failing to comply with the Secretary's final order;

C. Awarding interest from the date of judgment at the legal rate until paid in full;

D. Awarding attorney's fees and costs in this matter; and

E. For all other relief as the Court may deem just and proper.

Respectfully submitted,

Kate S. O'Scannlain, Solicitor of Labor
James E. Culp, Regional Solicitor
John Rainwater, Associate Regional Solicitor


/s/Tyler P. McLeod
Tyler P. McLeod
Senior Trial Attorney
U.S. Department of Labor
Office of the Solicitor
1244 Speer Boulevard, Suite 515
Denver, CO  80204-3516
(303) 844-0936
(303) 844-1753 facsimile
mcleod.tyler.p@dol.gov